Philippe DWELSHAUVERS (Bar No 192188)
452 N. Blackstone Avenue
Fresno, California 93701
Telephone: (559) 264-6363
Fax:         (559) 497-6163
Attorney for Petitioner, MARIA ZOILA CRUZ-CELAYA

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the Matter of | No   C 07-3470 MJJ |
| MARIA ZOILA CRUZ-CELAYA | Agency Number: 71-951-172 |
| Petitioner | |
| vs. | |
| | PETITION FOR WRIT OF HABEAS CORPUS AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |
| ALBERTO GONZALES, Attorney General of the United States et al; MICHAEL CHERTOFF, Secretary Department of Homeland and Security | |
| Respondents. | |

**PETITION FOR WRIT OF HABEAS CORPUS AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**INTRODUCTION**

1. Petitioner Maria Zoila Cruz-Celaya ("Petitioner"), by and through his undersigned counsel, hereby petitions this Court for a writ of habeas corpus to review the lawfulness of her detention by the Department of Homeland Security, with no bond.

- 1 -

**JURISDICTION**

2. This action arises under the Constitution, the Immigration & Nationality Act of 1952, as amended (the "INA"), 8 U.S.C. §§1101 et seq., and the Administrative Procedure Act (the "APA"), 5 U.S.C. §§701 et seq. This Court has habeas corpus jurisdiction pursuant to 28 U.S.C. §2241 et seq.; Art. I, §9, Cl. 2 of the United States Constitution (the "Suspension Cl1ause"); and the common law. This Court may also exercise jurisdiction pursuant to 28 U.S.C. §1331, and may grant relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §2201 et seq., and the All Writs Act, 28 U.S.C.

**VENUE**

3. Venue is properly with this Court pursuant to 18 U.S.C. §1391(e) because the Respondents are employees or officers of the United States, acting in their official capacity, and an agency of the United States; because a substantial part of the events or omissions giving rise to the claim occurred in the Northern District of California; because the decision to hold Petitioner in custody is under the jurisdiction of the Northern District of California office of Respondents; and because Petitioner resides in the Northern District and there is no real property involved in this action. Venue is additionally proper in this Court pursuant to the Supreme Court's decision in Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 493-94 (1973) (noting that "traditional venue considerations" for the purposes of a habeas petition under 28 U.S.C. §2241 include (1) the location where material events took place, where records and pertinent witness are likely to be found, (2) the convenience of the forum for respondent and petitioner; and (3) the familiarity of the court with the applicable laws).

## INTRADISTRICT ASSIGNMENT

4. The decision to hold Petitioner in custody is under control of the San Francisco office of Respondents. Therefore, assignment to the San Francisco or Oakland Division of this Court is proper under N.D. Rule 3-2(d)

## PARTIES

5. Petitioner is a native of El Salvador. She has filed a petition for review with the 9th circuit court of Appeals as to the merits on the immigration issues[case number 07-71345]. The purpose of this writ is to require a bond hearing either by an Immigration court or a District court. She is not under mandatory detention rules. She is currently in custody in Bakersfield, California.

6. Respondent Michael Chertoff is sued in his official capacity as the Secretary of the Department of Homeland Security. In this capacity he has responsibility for the administration and enforcement of the immigration laws pursuant to section 402 of the Homeland Security Act of 2002, 107 Pub. L. 296, 116 Stat. 2135 (Nov. 25, 2002). See also Armentero v. INS, 340 F.3d 1058 (9th Cir. 2003).

7. Respondent Alberto Gonzalez is sued in his official capacity as the Attorney General of the United States. He has responsibility for the administration and enforcement of the immigration laws pursuant to 8 U.S.C. §1103, Immigration and Nationality Act ("INA") §103. As the Immigration and Nationality Act has not been amended to reflect the designation of the Secretary of the Department of Homeland Security as the administrator and enforcer of immigration laws, Respondent ASHCROFT is sued in his official capacity to the extent that 8 U.S.C. §1102 gives him the authority to detain Petitioner. Armentero v. INS, 340 F.3d 1058 (9th Cir. 2003).

## FACTS

8. Petitioner is a native and citizen of EL Salvador. She has lived in the United States since the 1990's. Petitioner has three minor children born in the United States and a United States spouse.

9  Petitioner filed for political asylum and was denied the application, ordered removed on May 22, 1997 before the Immigration court in San Francisco, California. The Board of Immigration Appeals denied the appeal on July 16, 1998

10. Petitioner, in 2006, filed various motion to reopen before the Board of Immigration appeals, motion now pending before the 9th circuit court of Appeals.

11. Petitioner remains in BICE custody.

## CAUSES OF ACTION

## COUNT ONE (SUBSTANTIVE DUE PROCESS)

12. The allegations contained in paragraphs 1 through 11 above are repeated and realleged as though fully set forth herein.

13. All persons residing in the United States, are protected by the Due Process Clause of the Fifth Amendment. See Zadvydas v. Davis, 121 S. Ct. 2491, 2500–01 (2001); Plyler v. Doe, 457 U.S. 202, 210 (1987); Mathews v. Diaz, 426 U.S. 67 (1976); Yamataya v. Fisher, 189 U.S. 86 (1903).

14. The Due Process Clause of the Fifth Amendment provides that "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law." U.S. CONST. amend. V. "Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action." Foucha v. Louisiana, 504 U.S. 71, 80 (1992). This vital liberty interest is at stake when an individual is subject to detention by the former INS, now BICE. See Zadvydas, 121 S. Ct. at 2498 ("A statute

- 4 -

permitting indefinite detention of an alien would raise a serious constitutional problem"); Kiareldeen v. Reno, 71 F. Supp. 2d 402, 409–10 (D.N.J. 1999) (in analyzing due process in the immigration context, that the first factor in the procedural due process analysis, "the petitioner's private interest in his physical liberty, must be accorded the utmost weight").

15. The substantive Due Process requirement of the Fifth Amendment prohibits "the government from infringing on certain fundamental rights at all . . . unless narrowly tailored to serve a compelling government interest." See Reno v. Flores, 507 U.S. 292, 302, 113 S.Ct. 1439 (1993); Collins v. Harker Heights, 503 U.S. 115, 125 (1992). There is no question that freedom from physical restraint is a fundamental liberty interest. See Reno v. Flores, 507 U.S. at 302. Because a fundamental right is implicated, the government must prove that the provision at issue is narrowly tailored to meet a compelling governmental interest. Reno v. Flores, 507 U.S. at 301–02.

### COUNT TWO (PROCEDURAL DUE PROCESS)

16. The allegations contained in paragraphs 1 through 15 above are repeated and realleged as though fully set forth herein.

17. The procedural Due Process requirement of the Fifth Amendment entitles a person to be heard at a meaningful time and in a meaningful manner before a deprivation of liberty occurs. Mathews v. Eldridge, 424 U.S. 319, 334 (1976). The process that is due depends upon the private interest affected by the official action, the risk of erroneous deprivation of the interest, the value (if any) of additional or substitute procedural safeguards, and the government's interest, including fiscal and administrative burdens that additional or substitute procedural requirements would impose. Mathews, 424 U.S. at 335; cf. Kiareldeen, 71 F. Supp. 2d at 413–14 (discussing use of secret evidence in immigration bond proceedings).

18. Procedural due process here requires a custody hearing before an independent and

impartial adjudicator, not just a BICE employee. See Marcello v. Bonds; 39 U.S. 302, 307, 75 S.Ct. 757 (1955); Morrisey v. Brewer, 408 U.S. 471, 486-7, 92 S. Ct. 2593 (1972); United States v. Garcia-Martinez, 228 F.3d 956, 961 (9th Cir. 2000); Castro-Cortez v. INS, 239 F.3d 1037 (9th Cir. 2001); Cabreja-Rojas v. Reno, 999 F. Supp. 493, 496–97 (S.D.N.Y. 1998); St. John v. McElroy, 917 F. Supp. at 249–51; Ekekhor v. Aljets, 979 F.Supp. 640 (N.D. Ill. 1997); cf. Kiareldeen, 71 F. Supp. 2d at 418–19 ("access to a neutral judge [is] one of the 'most basic of due process protections'") (quoting Marincas v. Lewis, 92 F.3d 195, 203 (3d Cir. 1996)).

19. Here, the private interest affected by the statute is of the highest importance, namely, a fundamental liberty interest in being free from physical restraint. Second, the risk of erroneous deprivation of liberty is great in light of the fact that Petitioner is not subject to mandatory detention under INA §236(c), 8 U.S.C. §1226(c),.

**PRAYER FOR RELIEF**

**WHEREFORE**, Petitioner prays that this Court grant the following relief:

(1)     issue an Order declaring that Petitioner's detention by Respondents is contrary to law and unconstitutional; and

(2)     issue an Order to Immigration court for a bond hearing or that the BICE release at once Petitioner

(3)      award Petitioner his reasonable costs and fees.

(4)     Grant any other and further relief that this Court may deem fit and proper.

Respectfully submitted this 3rd day of July 2007

_____
Philippe M. Dwelshauvers, Attorney at law
452 N. Blackstone Avenue
Fresno, California 93701

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28