## INDEX OF EXHIBITS

Order to Show Cause . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A

Order of Deportation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . B

Board of Immigration Appeals Decision
     dated July 16, 1998 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . C

Record of Deportable/Inadmissible Alien . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . D

Docket Sheet for Ninth Circuit Case No. 06-75056 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . E

Board of Immigration Appeals Decision
     dated March 12, 2007 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . F

Notice to Alien of File Custody Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . G

Decision to Continue Detention . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . H

Docket Sheet for Ninth Circuit Case No. 07-71345 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . I

Lara v. Gonzales,
     No. 05-75326, slip op. (9th Cir. Sept. 6, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . J

Martinez-Cornejo,
     No. 06-71778, slip op. (9th Cir. Sept. 6, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . K

Motion to Withdraw as Counsel . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . L

Letter dated July 10, 2001, Ordering Petitioner to Surrender . . . . . . . . . . . . . . . . . . . . . . . M

EXHIBIT A

**U.S. Department of Justice**

Immigration and Naturalization Service                                    Order to Show Cause and Notice of Hearing

## ORDER TO SHOW CAUSE AND NOTICE OF HEARING
### *(ORDEN DE PRESENTAR MOTIVOS JUSTIFICANTES Y AVISO DE AUDIENCIA)*

In Deportation Proceedings under section 242 of the Immigration and Nationality Act.
*(En los trámites de deportación a tenor de la sección 242 de la Ley de Inmigración y Nacionalidad.)*

**United States of America:**                          File No. <u>A71 951 172</u>
*(Estados Unidos de América:)*                         *(No. de registro)*

                                                       Dated    <u>February 11, 1994</u>
                                                       *(Fechada)*

In the matter of            <u>Maria Zoila Cruz-Celaya</u>                    (Respondent)
*(En el asunto de)*                                                          *(Demandado)*
Address                     <u>629 Cantleberry Lane</u>
*(Dirección)*
                            <u>Bakersfield, Ca. 93301</u>

Telephone No. (Area Code)   <u>(805) 837 - 1385</u>
*(No. de teléfono y código de área)*

Upon inquiry conducted by the Immigration and Naturalization Service, it is alleged that:
*(Según las indagaciones realizadas por el Servicio de Inmigración y Naturalización, se alega que:)*

1) You are not a citizen or national of the United States;
   *(Ud. no es ciudadano o nacional de los Estados Unidos)*

2) You are a native of <u>El Salvador</u> and a citizen of <u>El Salvador</u> ;
   *(Ud. es nativo de)*                       *(y ciudadano de)*

3. You entered the United States at or near <u>San Ysidro, California</u> on or about <u>June 01, 1991</u> ;
   *(Ud. entró a los Estados Unidos en o cerca de)* San Ysidro, California (el día o hacia esa fecha)
   01 de Junio 1991

4.    You were not then inspected by an immigration officer.

      *(Ud. no fue inspeccionado entonces por un funcionario de inmigración)*

Form I-221 (Rev. 6/12/92) N                                                              Page 1

U.S. Department of Justice
Immigration and Naturalization Service

Order to Show Cause and Notice of Hearing

## NOTICE OF RIGHTS AND CONSEQUENCES

The Immigration and Naturalization Service believes that you are an alien not lawfully entitled to be or to remain in the United States. Read this notice carefully and ask questions about anything in this notice you do not understand. This notice identifies your rights as an alien in deportation proceedings, and your obligations and the conditions with which you must comply in order to protect your eligibility to be considered for certain benefits.

Any statement you make before an Immigration Officer may be used against you in any immigration or administrative proceeding.

You may be represented, at no expense to the United States government, by any attorney or other individual who is authorized and qualified to represent persons in these proceedings. You will be given a list of organizations, attorneys and other persons who have indicated their availability to represent aliens in these proceedings. Some of these persons may represent you free of charge or for a nominal fee. You may also be represented by a friend, relative, or other person having a pre-existing relationship with you, provided his or her appearance is permitted by the immigration judge.

You will have a hearing before an immigration judge, scheduled no sooner than 14 days from the date you are served with this Order to Show Cause. (Unless you request in writing an earlier hearing date.) The fourteen-day period is to allow you to seek an attorney or representative, if you desire to be represented. At your hearing, you will be given the opportunity to admit or deny any or all of the allegations in this Order to Show Cause, and whether you are deportable on the charges set forth herein. You will have an opportunity to present evidence and/or witnesses on your own behalf, to examine evidence, presented by the government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the government. Any document that you present that is in a foreign language must be accompanied by a certified English translation. It is your responsibility to ensure that any witnesses you wish to present on your own behalf be present at the hearing.

The immigration judge will advise you regarding relief from deportation for which you may be eligible. You will be given a reasonable opportunity to make an application for any such relief. If you are not satisfied with the decision of the immigration judge, you have the right to appeal. The immigration judge will provide you with your appeal rights.

## AVISO DE DERECHOS Y CONSECUENCIAS

El Servicio de Inmigración y Naturalización opina que Ud. es un extranjero sin derecho legal a estar o permanecer en los Estados Unidos. Lea este aviso cuidadosamente y pregunte acerca de cualquier parte del mismo que no entienda. Este aviso le explica los derechos que tiene como extranjero en los trámites de deportación, y las obligaciones y condiciones que debe cumplir con el fin de proteger su derecho a que se le considere para recibir ciertos beneficios.

Las declaraciones que haga ante un funcionario del Servicio de Inmigración podrán usarse en su contra en cualquier trámite administrativo o de inmigración.

Ud. puede ser representado, sin costo algun para el gobierno de los Estados Unidos, por un abogado o otra persona autorizada y calificada para representar personas en estos trámites. Ud. recibirá una lista de las entidades, abogados y demás personas dispuestas a representar a extranjeros en estos trámites. Algunas de esas personas pueden representarle gratuitamente o por honorarios nominales. También puede representarle un amigo, familiar u otra persona con la que tenga una relación establecida, siempre que el juez de inmigración permita su comparecencia.

Ud. tendrá una audiencia ante un juez de Inmigración, fijada con un mínimo de 14 días a partir de la fecha que se le expidió esta Orden. (a menos que Ud. solicite por escrito una audiencia en plazo aún menor). El plazo de catorce días le permitirá conseguir los servicios de un abogado o.representante, si lo desea. En la audiencia se le dará la oportunidad de admitir o negar cualquiera de los alegatos de esta Orden o todos ellos, y se le informará si está sujeto a deportación por los cargos expresados en la misma. Ud. tendrá la oportunidad de presentar pruebas y testigos a favor suyo, de examinar las pruebas presentadas por el gobierno, de oponerse, con base en los razonamientos legales pertinentes, a la admisión de pruebas y, de interrogar a cualquier testigo del gobierno. Todo documento que presente en un idioma extranjero debe ir acompañado de una traducción certificada al inglés. Será responsabilidad suya asegurarse de que cualquier testigo suyo comparesca a la audiencia.

El juez de inmigración le informará sobre los recursos de deportación a los que tenga derecho y se le dará una oportunidad adecuada para solicitarlos. Si no está de acuerdo con la decisión del juez, puede apelarla. El juez de inmigración le informará acerca de sus derechos de apelación.

**U.S. Department of Justice**
Immigration and Naturalization Service                          Order to Show Cause and Notice of Hearing

Dated _____February 11, 1994_____
(Fechada)

Respondent __Maria Zoila Cruz-Celaya__          File No. __A71 951 172_____
(Demandado)                                     (No. de registro)

**AND** on the basis of the foregoing allegations, it is charged that you are subject to deportation pursuant to the following provision(s) of law:

(Y según los alegatos anteriores, se le acusa de estar sujeto a deportación de acuerdo con la(s) siguiente(s) disposicion(es) de la ley:)

Section 241(a) (1) (B) of the Immigration and Nationality Act (Act), as amended, in that you entered the United States without inspection.

(Sección 241(a) (1) (B) de la Ley de Inmigración y Nacionalidad (INA), según enmendada, en que Ud. entró a los Estados Unidos sin inspección)

**WHEREFORE, YOU ARE ORDERED** to appear for a hearing before an Immigration Judge of the Executive Office for Immigration Review of the United States Department of Justice at:

(POR LO CUAL, SE LE ORDENA comparecer ante un juez de inmigración de la Oficina Ejecutiva de Revisión de Inmigración del Departamento de Justicia de los Estados Unidos en:)

                TO BE CALENDARED AND NOTICE PROVIDED BY THE OFFICE OF THE IMMIGRATION JUDGE.
Address         NOTICE WILL BE MAILED TO THE ADDRESS PROVIDED BY THE RESPONDENT.
(Dirección)     (La Oficina del juez de inmigración enviará un aviso a la dirección facilitada por el demandado
    On          con la fecha de las audiencia.)                        At _____ .m.
(Fecha)                                                                (Hora)

and show cause why you should not be deported from the United States on the charge(s) set forth above.
(y mostrar motivos justificantes por cual no debería ser deportado de los Estados Unidos por los cargos expresados anteriormente.)

Dated __February 11, 1994__              Signature of Issuing Officer _____
(Fechada)                                (Firma del funcionario que la expide)

City and State of Issuance __San Francisco, CA__   Title of Issuing Officer __Supervisory Asylum Officer__
(Ciudad y Estado donde se expide)                  (Título del funcionario que la expide)

Form I-221 (Rev. 6/12/92) N                                                        Page 3

You are required to be present at your deportation hearing prepared to proceed. If you fail to appear at any hearing after having been given written notice of the date, time and location of your hearing, you will be ordered deported *in your absence*, if it is established that you are deportable and you have been provided the appropriate notice of the hearing.

You are required by law to provide immediately in writing an address (and telephone number, if any) where you can be contacted. You are required to provide written notice, within five (5) days, of any change in your address or telephone number to the office of the Immigration Judge listed in this notice. Any notices will be mailed only to the last address provided by you. If you are represented, notice will be sent to your representative. If you fail to appear at the scheduled deportation hearing, you will be ordered deported *in your absence* if it is established that you are deportable and you have been provided the appropriate notice of the hearing.

If you are ordered deported *in your absence*, you cannot seek to have that order rescinded except that: (a) You may file a motion to reopen the hearing within 180 days after the date of the order if you are able to show that your failure to appear was because of exceptional circumstances, or (b) you may file a motion to reopen at any time after the date of the order if you can show that you did not receive written notice of your hearing and you had provided your address and telephone number (or any changes of your address or telephone number) as required, or that you were incarcerated and did not appear at your hearing through no fault of your own. If you choose to seek judicial review of a deportation order entered *in your absence*, you must file the petition for review within 60 days (30 days if you convicted of an aggravated felony) after the date of the final order, and the review shall be confined to the issues of validity of the notice provided to you, the reasons for your failure to appear at your hearing, and whether the government established that you are deportable.

In addition to the above, if you are ordered deported *in your absence*, you are ineligible for five (5) years from the date of the final order for the following relief from deportation: voluntary departure under section 242(b) of the Immigration and Nationality Act (INA); suspension of deportation or voluntary departure under section 244 of the INA; and adjustment of status under sections 245, 248, and 249 of the INA.

The copy of this Order to Show Cause served upon you is evidence of your alien registration while you are under deportation proceedings. The law requires that you carry it with you at all times.

Está obligado a asistir a la audiencia de deportación y de estar preparado para ella. Si no asiste a cualquiera de las audiencias después de haber sido notificado por escrito de la fecha, hora, y lugar de la audiencia, se ordenará su deportación *en su ausencia*, si se establece que puede ser deportado y que recibió los avisos correspondientes.

La ley le obliga a informar inmediatamente por escrito de su domicilio (y numero de telefono, de haberlo) donde pueda ser localizado. Tiene la obligación de notificar por escrito, en el plazo de cinco (5) días, cualquier cambio de domicilio o de teléfono a la oficina del juez de inmigración que aparece en este aviso. Los avisos se enviarán solamente a la última dirección facilitada por Ud. Si ha decidido tener un representante, se enviarán los avisos a dicha persona. Si no asiste a cualquiera de las audiencias después de haber sido notificado por escrito de la fecha, hora y lugar de las mismas, se ordenará su deportación *en su ausencia*, si se establece que puede ser deportado y que recibió el aviso de la audiencia.

Si se ordena su deportación *en su ausencia*, no podrá solicitar la anulación de esa Orden salvo que: (a) puede presentar un pedimento para tener otra audiencia en el plazo de 180 días después de la fecha de la orden si puede demostrar que no compareció debido a circunstancias excepcionales, o (b) puede presentar un pedimento para tener otra audiencia en cualquier momento después de la fecha de la orden si puede demostrar que no recibió el aviso de la audiencia por escrito y que habia facilitado su dirección y número de teléfono (o notificado los cambios de dirección o número de teléfono) según lo previsto, o que estaba encarcelado y no compareció a la audiencia por motivos ajenos a su voluntad. Si decide solicitar una revisión judicial de la orden de deportación *en su ausencia*, debe presentar la solicitud de revisión en el plazo de 60 días (30 días si ha sido condenado por un delito grave con agravantes) a partir de la fecha de la orden definitiva, y la revisión se limitará a decidir si el aviso que recibió es válido, las razones por las cuales no compareció a la audiencia, y si el gobierno demostró que puede ser deportado.

Además de lo anterior, si se ordena su deportación *en su ausencia*, no podrá, en el plazo de cinco (5) años después de la fecha de la orden definitiva, tener derecho a los siguientes recursos: salida voluntaria según la sección 242(b) de la ley de Inmigración y Nacionalidad (INA); suspensión de la deportación o de la salida voluntaria según la sección 244 de la INA; y ajuste de condición según las secciones 245, 248, y 249 de la INA.

Esta copia de la Orden de Presentar Motivos Justificantes que le ha sido notificada constituye la prueba de su registro de extranjero mientras se llevan a cabo los trámites para su deportación. La ley le exige la lleve consigo en todo momento.

This Order to Show Cause shall be filed with the Immigration Judge of the Executive Office for Immigration Review at the address provided below.  You must report any changes of your address or telephone number in writing to this office:

Este Orden de Presentar Motivos Justificantes será registrada con la Oficina Ejecutiva de Revisión de Inmigración en la siguiente dirección.  Debe notificar cualquier cambio de su domicilio o número de teléfono por escrito a:

### The Office of the Immigration Judge

### 630 Sansome Street, Room 404

### San Francisco, CA 94111

---

### Certificate of Translation and Oral Notice

This Order to Show Cause ☐ ~~was~~  ☒ was not  read to the named alien in the ___Spanish___ language, which is his/her native language which he/she understands.

_____          _____          _____
Date                                    Signature                              Printed Name and Title of Translator

_____
Address of Translator (if other than INS employee) or office location and division (if INS employee)

**Service by Certified Mail.  Alien Not Present.**

(If oral notice was not provided please explain)

| Manner of Service | Alien's Right Thumb Print |
|---|---|
| ☐ Personal Service to Alien<br><br>☒ Certified Mail - Return Receipt Requested<br><br>  ☒ Alien<br><br>  ☐ Counsel of Record | Served by Certified<br><br>Mail - Alien Not<br><br>Present |

### Certificate of Service

This Order to Show Cause was served by me at San Francisco, Ca. ___ on _____ 19 ___
at ___5:00 p.m.___

_____          Kelvin Alexander    Asylum Clerk    San Francisco Asylum
Officer's Signature                    Printed Name          Title            Office

**SERVED BY CERTIFIED MAIL-RECEIPT #** Z 776 502 999

Alien's Signature (acknowledgment/receipt of this form)
*(Firma de extranjero/acuse de recibo)*

---

### Request for Prompt Hearing and Waiver of 14-Day Minimum Period
### *(Solicitud de audiencia inmediata y renuncia al plazo mínimo de 14 días)*

To expedite determination of my case, I request an immediate hearing, and waive my right to the 14 day notice.
*(Para agilizar la decisión sobre mi caso, solicito una audiencia inmediata y renuncio a mi derecho a un plazo mínimo de 14 días.)*

_____          Date
Signature of Respondent                      *(Fecha)*
*(Firma de demandado)*

Form I-221 (Rev. 6/12/92) N

EXHIBIT B

UNITED STATES DEPARTMENT OF JUSTICE
U.S. Immigration Court
P.O. Box 2326
San Francisco, CA  94126-2326

File(s) _71 751 172_____

In the Matter of                        )
                                        )
                                        )
María Zoila CRUZ -Celaya                )    In Deportation/Exclusion/
                                        )    Rescission Proceedings
                                        )
Respondent(s)/Applicant(s)              )

MEMORANDUM OF ORAL DECISION

X    Respondent/Applicant was granted/denied asylum under Section 208(a) of
     the Act.
X    Respondent/Applicant was granted/denied withholding of deportation under
     Section 243(h) of the Act.
____ Respondent was granted/denied relief under Section _____.
____ Respondent was granted/denied suspension of deportation under Section
     244(a) of the Act.
____ Applicant/Respondent was granted a waiver under Section _____
     of the Act and the proceedings were terminated.
____ Respondent was granted/denied adjustment of status under Section 245 of
     the Act.
____ The Applicant's request for leave to withdraw the application for
     admission to the United States was granted.
____ Applicant is admitted as a _____ nonimmigrant
     until _____.
____ On condition that a maintenance of status and departure bond in the
     amount of $_____ be posted.
____ Respondent's adjustment of status was rescinded under Section 246 of the
     Act.
____ Motion to Reopen/Reconsider submitted by Service/Respondent/Applicant is
     granted/denied.
____ A stay of deportation is granted/denied.
____ The proceedings were terminated.
____ Applicant has been ordered excluded and deported from the United States.
X    Respondent was granted voluntary departure on or before JULY 10, 1997
     with alternate order of deportation to El Salvador or _____.
____ Respondent was ordered deported to _____ or _____.
X    The Service/Respondent/Applicant has/have waived appeal.
X    The Service/Respondent/Applicant has/have reserved appeal which must be
     filed by June 23, 1997 .

XX   THIS MEMORANDUM HAS BEEN SERVED ON THE RESPONDENT/APPLICANT AND COUNSEL.
If the decision is appealed (except in bond redetermination proceedings), the
full text or oral decision will be transcribed and will become the official
decision.

Other: _____

Date: 6/23/97                    Beverley M. Phillips
                                 Immigration Judge

0167D

EXHIBIT C



**U.S. Department of Justice**

Executive Office for Immigration Review
*Board of Immigration Appeals*
*Office of the Clerk*

*P.O. Box 8530*
*5201 Leesburg Pike, Suite 1300*
*Falls Church, Virginia 22041*

CRUZ-CELAYA, MARIA ZOILA *          Office of the District Counsel/SF
300 TRINITY AVENUE, #C              P.O. Box 26449
BAKERSFIELD, CA 93307-0000         San Francisco, CA 94126-6449

July 16, 1998

　　　　　　　　　　　CRUZ-CELAYA, MARIA ZOILA *
　　　　　　　　　　　A#: 71-951-172

Enclosed is a copy of the Board's decision and order in the above-referenced case.

　　　　　　　　　Very Truly Yours,

　　　　　　　　　Paul W. Schmidt
　　　　　　　　　Chairman

Enclosure

Panel Members:

**COLE, PATRICIA A.**
**HEILMAN, MICHAEL J.**
**MATHON, LAUREN R.**

**U.S. Department of Justice**
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

File:  A71 951 172 - San Francisco

Date:    JUL 1 6 1998

In re:  MARIA ZOILA CRUZ-CELAYA

IN DEPORTATION PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:  Pro se [1]

ON BEHALF OF SERVICE:  Katherine R. Loo
                       Assistant District Counsel

CHARGE:

   Order:  Sec.    241(a)(1)(B), I&N Act [8 U.S.C. § 1251(a)(1)(B)] -
                   Entered without inspection

APPLICATION:  Asylum; withholding of deportation


ORDER:

   PER CURIAM.   The respondent appeals the decision of the Immigration Judge dated May 22, 1997, denying her applications for asylum and withholding of deportation. The respondent's appeal is dismissed.

   The respondent testified that in 1989 her sister was almost hit by a stray bullet (Tr. at 12). She stated that in September 1989 a naked man accompanied by four others come toward her threatening to rape her and take her with them (Tr. at 14-16).  The men whom she identified as guerrillas chased her but she escaped (Tr. at 17-18).  She testified that a cousin lost a leg in a battle, that a cousin was killed by the guerrillas when she would not answer their knock at the door (Tr. at 19-20).  The respondent testified that her grandfather was killed in February 1996 by the guerrillas and her uncle was killed in March 1997 by the guerrillas (Tr. at 21-23).  The respondent testified that her town was protected by the military and was therefore considered to be pro-military by the guerrillas (Tr. at 25).

   The respondent failed to demonstrate that she suffered past persecution or has a well-founded fear or clear probability of future persecution in El Salvador on account of her race, religion, nationality, membership in a particular social group, or political opinion.  See

---

[1]  We note that the respondent signed the notice of appeal (Form EOIR-26) but provided the mailing address of an attorney.  An appellate brief was submitted by that attorney on behalf of the respondent, but the Entry of Appearance Form (Form EOIR-27) filed with the appeal is blank.  A courtesy copy of this decision will be mailed to the attorney's office.

A71 951 172

sections 101(a)(42)(A),  208(a), and 243(h) of the Immigration and Nationality Act, 8 U.S.C.
§§ 1101(a)(42)(A), 1158(a), and 1253(h); INS v. Elias-Zacarias, 502 U.S. 478 (1992); INS v.
Cardoza-Fonseca, 480 U.S. 421 (1987); Matter of Mogharrabi, 19 I&N Dec. 439 (BIA 1987).

   The respondent did not meet her burden of proof in demonstrating that the guerrillas were
targeting her on account of one of the reasons specified in the Act.  The respondent's testimony
was vague, conflicting, and she failed to provide any supporting documentation.  The respondent
bears the burden of proof and persuasion, and where there are significant, meaningful evidentiary
gaps, the applications ordinarily will be denied for failure of proof.  See generally Matter of
Dass, 20 I&N Dec. 120 (BIA 1989).  The respondent first testified that her sister was almost
shot in the summer of 1989 but on cross-examination she did not know when the incident
occurred.  In her declaration appended to her application for asylum (Form I-589) the respondent
states that the incident occurred in 1991. The respondent did not mention her encounter with the
guerrillas in her application for asylum (Form I-589). When asked who she reported the incident
to the respondent could not say.  The respondent provided no documentary support for her claims
regarding her grandfather's and uncle's death and provided no details regarding those incidents.

   The respondent provided no evidence to demonstrate that the guerrillas imputed a political
opinion to her or that the deaths that occurred in her family were due to the guerrillas imputing
an opinion to them.  See INS v. Elias-Zacarias, supra.  The respondent has provided no support
for her comments that the guerrillas imputed an opinion to all members of her town.  We note
that the respondent's parents have not been harmed (Tr. at 26).   Furthermore, she did not
demonstrate any relationship between her situation and that of her cousins, grandfather or uncle
and provided no testimony or evidence to suggest that anyone had imputed their opinions to her.
See Arriaga-Barrientos v. INS, 937 F.2d 411, 414 (9th Cir. 1991); compare Ramirez Rivas v.
INS, 889 F.2d 864, 865-66 (9th Cir. 1990), vacated on other grounds, INS v. Rivas, 502 U.S.
1025 (1992). Lastly, the respondent has provided no support for her comments on appeal that
she suffers from post traumatic stress disorder.

   The Service argues that the respondent should not have been granted voluntary departure
because she stated only that she had funds to get to San Diego. The respondent stated that she
had funds to depart from the United States and we therefore do not disturb the Immigration
Judge's grant of voluntary departure. 8 C.F.R. § 244.1.  The respondent's appeal is dismissed.

   FURTHER ORDER: Pursuant to the Immigration Judge's order and in accordance with our
decision in Matter of Chouliaris, 16 I&N Dec. 168 (BIA 1977), the respondent is permitted to
depart from the United States voluntarily within 30 days from the date of this order or any
extension beyond that time as may be granted by the district director.  In the event of her failure
to so depart, the respondent shall be deported as provided in the Immigration Judge's order.

_____
FOR THE BOARD

EXHIBIT D

U.S. Department of Justice

Immigration and Naturalization Service

# Record of Deportable/Inadmissible Alien

| Sex | Hair | Eyes | Cmplxn |
|---|---|---|---|
| F | BLK | BRO | MED |

| Family Name (CAPS) | First | Middle |
|---|---|---|
| CRUZ-CELAYA, Maria Zoila | | |

| Height | Weight | Occupation |
|---|---|---|
| 64 | 240 | LABORER |

| Country of Citizenship | Passport Number and Country of Issue | File Number |
|---|---|---|
| EL SALVADOR | | Case No: BKI0710000193 / A071 951 172 |

Scars and Marks
**See Narrative**

U.S. Address
320 TRINITY AVE
BAKERSFIELD, CALIFORNIA 93306

| Passenger Boarded at |
|---|

F.B.I. Number
☒ Single  ☐ Married
☐ Divorced  ☐ Widower  ☐ Separated

Date, Place, Time, and Manner of Last Entry
06/01/1991, Unknown Time, SYS, PWAM(AFOOT)

Method of Location/Apprehension
**L 520.3**

Number, Street, City, Province (State) and Country of Permanent Residence
HUERTAS VIEJAS, ANAMOROS EL SALVADOR

| Date of Birth | Date of Action | Location Code | At/Near | Date/Hour |
|---|---|---|---|---|
| 09/26/1970    Age: 36 | 10/17/2006 | SFR/BKI | Bakersfield, CA | 10/17/2006  0000 |

| City, Province (State) and Country of Birth | AR | Form: (Type and No.) | Lifted | Not Lifted | By |
|---|---|---|---|---|---|
| LA UNION, EL SALVADOR | ☒ | | ☐ | ☐ | CHAD STEPHENS |

| NIV Issuing Post and NIV Number | Social Security Account Name | Status at Entry | Status When Found |
|---|---|---|---|
| | | PWA Mexico | |

| Date Visa Issued | Social Security Number | Length of Time Illegally in U.S. |
|---|---|---|
| | | OVER 1 YEAR |

| Immigration Record | Criminal Record |
|---|---|
| POSITIVE - See Narrative | None known |

| Name, Address, and Nationality of Spouse (Maiden Name, if Appropriate) , , | Number and Nationality of Minor Children 2 USC |
|---|---|

| Father's Name, Nationality, and Address, if Known  Nationality: EL SALVADOR CRUZ, Jose Antonio | Mother's Present and Maiden Names, Nationality, and Address, if Known ZELAYA, Fermin Nationality: EL SALVADOR |
|---|---|

| Monies Due/Property in U.S. Not in Immediate Possession | Fingerprinted?  Yes ☒  No ☐ | INS Systems Checks See Narrative | Charge Code Word(s) I6A |
|---|---|---|---|

| Name and Address of (Last)/(Current) U.S. Employer RED PEPPER | Type of Employment Operators, Fabricators, and Laborers | Salary Hr. | Employed from/to  /  /     /  / |
|---|---|---|---|

Narrative (Outline particulars under which alien was located/apprehended. Include details not shown above regarding time, place and manner of last entry, attempted entry, or any other entry, and elements which establish administrative and/or criminal violation. Indicate means and route of travel to interior.)

SCARS, MARKS AND TATTOOS
None Visible

INS SYSTEMS CHECKS
Central Index System Positive
Deportable Alien Control System Positive
National Crime Information Center Negative

Narrative Title: Record of Deportable/Excludable Alien
Narrative Created by STEPHENS

The subject was apprehended at 320 Trinity Ave, Bakersfield, CA 93307, by Fugitive Operations.  The subject was ordered removed to El Salvador on 5/22/1997, later denied by BIA with a voluntary departure expiration date of 8/16/1998.  The subject has no other appeals pending.

CHAD STEPHENS
DEPORTATION OFFICER
(Signature and Title of INS Official)

Alien has been advised of communication privileges. _____ (Date/Initials)

| Distribution: File | Received:  (Subject and Documents) (Report of Interview) |
|---|---|
| | Officer: CHAD STEPHENS |
| | on: October 17, 2006 at 0720 (time) |
| | Disposition: Bag and Baggage |
| | Examining Officer: ANDY MORTON |

Form I-213(Rev.4/1/97)Y

EXHIBIT E

       Help

Print Page

# General Docket
## US Court of Appeals for the Ninth Circuit

```
Court of Appeals Docket #: 06-75056                    Filed: 10/26/06
Nsuit:    0
Cruz Celaya, et al v. Gonzales
Appeal from: Immigration and Naturalization Service

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Case type information:
     1) agency
     2) review
     3)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Lower court information:

     District: 0971-3 : A71-951-172
     Date Filed: 10/26/06
     Date order/judgment: **/**/**
     Date NOA filed: **/**/**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Fee status: paid

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Prior cases:
    None
Current cases:
    None

Docket as of May 10, 2007 11:18 pm               Page 1
```

---

```
06-75056 Cruz Celaya, et al v. Gonzales

MARIA ZOILA CRUZ CELAYA          Bernal P. Ojeda, Esq.
     Petitioner                  FAX 818/994-4796
                                 818/994-4341
                                 Ste. A
                                 [COR LD NTC ret]
                                 LAW OFFICES OF BERNAL P. OJEDA
                                 8152 Sepulveda Blvd.
                                 Van Nuys, CA 91402


     v.

ALBERTO R. GONZALES, Attorney    Ronald E. LeFevre, Chief
General                          Counsel
     Respondent                  [COR NTC gov]
                                 OFFICE OF THE DISTRICT COUNSEL
                                 Department of Homeland Security
                                 P.O. Box 26449
```

San Francisco, CA 94126-6449

Anthony P. Nicastro, Esq.
FAX 202/616-4975
202/616-9358
[COR LD NTC gov]
DOJ - U.S. DEPARTMENT OF
JUSTICE
Civil Div./Office of
Immigration Lit.
P.O. Box 878, Benjamin Franklin
Station
Washington, DC 20044

Docket as of May 10, 2007 11:18 pm                    Page 2

---

06-75056 Cruz Celaya, et al v. Gonzales

MARIA ZOILA CRUZ CELAYA

               Petitioner

    v.

ALBERTO R. GONZALES, Attorney General

               Respondent

Docket as of May 10, 2007 11:18 pm                    Page 3

---

06-75056 Cruz Celaya, et al v. Gonzales

10/26/06          FILED INS Petition for review and Motion for Stay. Docketed
                  Cause and Entered Appearance of Counsel. Pursuant to G.O.
                  6.4(c)(1)(3) A TEMPORARY STAY OF REMOVAL IS IN EFFECT
                  pending further order. The schedule is set as follows:
                  Pursuant to G.O. 6.4(c)(1)(3), the schedule is set as
                  follows: Cert. Admin. Record due 12/21/06 Response to
                  motion for stay due 1/18/07 for Alberto R. Gonzales.
                  (MOATT) [06-75056] (lee)

10/26/06          Filed Petitioner Maria Zoila Cruz Celaya's motion to stay
                  deportation (see schedule above) [06-75056] served on
                  10/24/06 [5989226] (MOATT) [06-75056] (lee)

10/26/06          Detained: Yes  [06-75056] (lee)

10/26/06          Verified that Petitioner's counsel of record has been
                  admitted to practice in this court.  [06-75056] (lee)

12/14/06          Copy of letter received from Alberto R. Gonzales addressed
                  to Mr. Ojeda dated 12/8/06 re: The EOIR will be filing a
                  copy of this record on CD-ROM with the 9th Cir. (CASEFILES)

```
                    [06-75056] (af)

1/3/07             Electronic Certified Administrative Record Filed.  CD-ROMS:
                   1  [06-75056] (kt)

1/9/07             Filed notice of appearance of Anthony P. Nicastro (Withdrew
                   as counsel: attorney OIL for Alberto R. Gonzales)
                   [06-75056] (af)

1/9/07             Filed resp Alberto R. Gonzales' mtn to dismiss for lack of
                   jurisdiction based in petr's untimely PFR & opp to the stay
                   of removal; served on 1/8/07. (MOATT) [06-75056] (af)

2/9/07             Rec'd petr Maria Zoila Cruz Celaya's opposition to mtn to
                   dismiss for lack of jurisdiction & reply to govt's
                   opposition to petr's stay of removal; alterntiave mtn to
                   hold cs in abeyance until the BIA decides petr's mtn to
                   reopen; alternative request to place cs in the ct's
                   mediation program until further order of the ct; statement
                   of detention; served on 2/3/07. (MOATT) [06-75056] (af)

4/4/07             Order filed Respondent's motion to dismiss this petition
                   for review as untimely is granted because the petition
                   seeks review of the BIA 7/16/98 order... The ruling is
                   without prejudice to filing a new petition for review of
                   the BIA 3/12/-07 order. The temporary stay of removal shall
                   continue in effect until issuance of the mandate. All other
                   pending motions are denied as moot. [6056552-1] (
                   Terminated on the Merits after Submission Without Oral
                   Hearing; Dismissed/Frivolous; Written, Unsigned,
                   Unpublished. Diarmuid F. O'SCANNLAIN,  Susan P. GRABER,
                   Carlos T. BEA ) [06-75056] (wp)

Docket as of May 10, 2007 11:18 pm                 Page 4
```

```
06-75056 Cruz Celaya, et al v. Gonzales

4/26/07            MANDATE ISSUED [06-75056] (af)

5/8/07             Rec'd Bernal P. Ojeda for petr Maria Zoila Cruz Celaya ltr
                   dated 5/1/07 re: This ltr is to advise the Ct that I've
                   been sub as csl of record......Atty Philippe Dwelshauvers
                   will be entering his appearance in this cs. (CASEFILES)
                   [06-75056] (af)

Docket as of May 10, 2007 11:18 pm                 Page 5
```

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 08/28/2007 13:55:21 | | |
| PACER Login: | du6564 | Client Code: |
| Description: | dkt report | Case Number: | 06-75056 |

EXHIBIT F



**U.S. Department of Justice**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5107 Leesburg Pike, Suite 2000*
*Falls Church, Virginia  22041*

Ojeda, Bernal P.  Esq.
8152 Sepulveda Blvd., Ste. A
Van Nuys,  CA  91402

Office of the District Counsel/SFR
P.O. Box 26449
San Francisco, CA  94126-6449

Name: CRUZ-CELAYA, MARIA ZOILA *                    A71-951-172

Date of this notice: 03/12/2007

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Sincerely,

*Donna Carr*

Donna Carr
Chief Clerk

Enclosure

Panel Members:
     MILLER, NEIL P.

*un*

**U.S. Department of Justice**
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

File:   A71-951-172 - San Francisco

Date:

In re:  CRUZ-CELAYA, MARIA ZOILA

MAR 1 2 2007

IN DEPORTATION PROCEEDINGS

MOTION

ON BEHALF OF RESPONDENT:  Ojeda, Bernal P.  Esq.


ORDER:

   PER CURIAM.  The respondent moves the Board pursuant to 8 C.F.R. § 1003.2 to reopen and reconsider our decision dated July 16, 1998.  The respondent contends the Board committed various errors in our prior decision. For example, she alleges we failed to consider whether she was eligible for asylum for humanitarian reasons under 8 C.F.R. § 1208.13(b)(1)(iii), also citing Matter of Chen, 20 I&N Dec. 16 (BIA 1989) (Motion at 2-8).  She further maintains we also did not consider whether she warranted relief as a member of a particular social group (Motion at 8-10).  These arguments are all in the nature of a motion to reconsider as they allege error in our prior decision.  However, they are untimely as they were submitted more than 30 days after the Board's noted decision.  8 C.F.R. § 1003.2(b)(2).  The respondent has offered no explanation for her more than eight year delay in submitting the motion, other than to vaguely concede that these issues could have been raised in a petition for review, but were not for unspecified "reasons beyond respondent's control" (Motion at 7). This explanation, without more, is insufficient to warrant this Board's invocation of our sua sponte authority to consider her untimely motion.  While the respondent also argues that reopening is appropriate as she is eligible for protection under the Convention Against Torture, such a motion had to have been filed on or before June 21,1999, more than seven years ago.  8 C.F.R. § 1208.18(b)(2). As with the remainder of her motion, she has offered no explanation for her failure to file a timely motion to reopen in this regard.  Therefore, we find that neither reconsideration nor reopening is warranted.  Accordingly, the motion is denied.


_____
FOR THE BOARD

EXHIBIT G



**U.S. Department of Homeland Security**
Immigration and Customs Enforcement

---

SFR DRO 50/10

*Office of the Field Director*                630 Sansome Street, Room 590
                                             *San Francisco, CA 94111*

**CRUZ-Zelaya, Maria Zoila**                A71 951 172
C/O IN SERVICE CUSTODY

# Notice to Alien of File Custody Review

You are detained in the custody of the Immigration and Customs Enforcement (ICE) and you are required to cooperate with the ICE in effecting your removal from the United States. If the ICE has not removed you from the United States within the removal period as set forth in INA 241(a) (normally 90-days) of either: 1) your entering ICE custody with a final order of removal, deportation or exclusion, or 2) the date of any final order you receive while you are in ICE custody, the ICE Field Office Director will review your case for consideration of release on an Order of Supervision. Release, however, is dependent on your demonstrating to the satisfaction of the Attorney General that you **will not** pose a danger to the community and **will not** present a flight risk.

Your custody status will be reviewed on or about: <u>**January 16, 2007**</u>. The Field Office Director may consider, but is not limited to considering the following:

1. Criminal convictions and criminal conduct;
2. Other criminal and immigration history;
3. Sentence(s) imposed and time actually served;
4. History of escapes, failures to appear for judicial or other proceedings, and other defaults;
5. Probation history;
6. Disciplinary problems while incarcerated;
7. Evidence of rehabilitative effort or recidivism;
8. Equities in the United States;
9. Cooperation in obtaining your travel document; and
10. Any available mental health reports.

You must submit any documentation you wish to be reviewed in support of your release, prior to (<u>**December 18, 2007**</u>), to the attention of the Officer and address below. English translations must be provided pursuant to 8 CFR 103.2(b)(3). An attorney or other person may submit materials on your behalf. The Field Office Director will notify you of the decision in your case. Attached to this notice is a list of free or low cost legal representatives who may be able to provide assistance to you in preparing your case.

U.S. Department of Homeland Security
**Bureau of Immigration and Customs Enforcement**
Attn: Assessment Officer
ICE/DRO
630 Sansome Street
San Francisco, CA 94111

---

## METHOD OF SERVICE

I certify that this form was provided to the alien by:           (Hand)                    (Institution Mail)
( ) CC: Attorney of Record or Designated Representative
(x) CC: A-file

_____        _____        DEC 1 5 2006
Signature of Officer                Print Name of Officer                Date

EXHIBIT H



**U.S. Department of Homeland Security**
Immigration and Customs Enforcement

SFR DRO 50/10

*Office of the Field Director*

630 Sansome Street, Room 590
San Francisco, CA 94111

**CRUZ–Celaya, Maria**
C/O IN SERVICE CUSTODY

A# 71 951 172

## Decision to Continue Detention
## Following File Review

This letter is to inform you that your custody status has been reviewed and it has been determined that you will not be released from the custody of U.S. Immigration and Customs Enforcement (ICE) at this time.  This decision has been made based on a review of your file and/or your personal interview and consideration of any information you submitted to ICE's reviewing officials.

    *(1) Your removal has been delayed solely through your filing of your Petition for Review with the US Court of Appeals for the Ninth Circuit, and the resulting automatic stay of removal.*

    *(2) The agency is actively pursuing your travel document, and we have confirmation from the Consulate of El Salvador that one will be issued shortly.*

Based on the above, you are to remain in ICE custody pending your removal from the United States. You are advised that you must demonstrate that you are making reasonable efforts to comply with the order of removal, and that you are cooperating with ICE's efforts to remove you by taking whatever actions ICE requests to effect your removal.  You are also advised that any willful failure or refusal on your part to make timely application in good faith for travel or other documents necessary for your departure, or any conspiracy or actions to prevent your removal or obstruct the issuance of a travel document, may subject you to criminal prosecution under 8 USC Section 1253(a).

Therefore, pursuant to the authority contained in Sections 236 and 241 of the Immigration and Nationality Act, and parts 236 and 241 of the Code of Federal Regulations, I have determined that you shall continue to be detained in the custody of this Agency pending further review.

(Page 1 of 2)

**Decision to Continue Detention Following File Review**
**Page 2**
**CRUZ-Celaya, Maria, A# 71 951 172**

Your custody case will remain with this unit. **This unit will conduct further review in one year or when the Ninth Circuit Court of Appeals has made a decision in your case.** You will be notified of this at the earliest possible convenience. It is in your best interest to maintain proper behavior while awaiting this review. If you have any questions please contact: Assessment Officer_____ at:

U.S. Department of Homeland Security
Immigration and Customs Enforcement
P.O. Box 26829
San Francisco, CA 94126

_____    1/31/07
Nancy Alcantar / Field Office Director    Date

---

## PROOF OF SERVICE

**(1)        Personal Service (Officer to complete both (a) and (b) below.)**

(a)    I _____, _____.
                    Name of ICE Officer                              Title
certify that I served _____ with a copy of
                                        Name of detainee
this document at _____ on _____, at _____.
                            Institution                        Date              Time

(b)    I certify that I served the custodian _____
                                                        Name of Official
_____, at _____, on
        Title                                          Institution
_____ with a copy of this document.
        Date

**OR**

**(2)        Service by certified mail, return receipt.  (Attach copy of receipt)**

I _____, _____, certify
                Name of ICE Officer                        Title
that I served _____ and the custodian _____
                        Name of detainee                                  Name of Official
with a copy of this document by certified mail at _____ on ___
                                                                Institution                    Date

(X) CC:  Attorney of Record or Designated Representative
(X) CC:  A-File
(Page 2 of 2)
(Final 10/18/99)

*GIVEN TO DETENTION TO
SERVE ON 02/01/07

## POST ORL_R CUSTODY REVIEW W_RKSHEET

**Detainee Name:**     **CRUZ-Celaya, Maria Zoila**

**AKA(s):**

**Date of Birth:**     **September 26, 1970**   **A Number:**   **A71 951 172**

**Place of Birth:**   El Salvador     **Nationality:**  El Salvador

**Date of Last Arrival:** June 01, 1991     **Place of Arrival:**    San Ysidro, CA

**Status at Last Entry:** W/Out Insp.     **Last Date into ICE Custody:**  October 18. 2006

**Entered ICE Custody from:**   ☐ **Local, State, or Federal Institution**
                                    **Institution Name/Location:**
                                    **BOP/ Institution Numbers:**

                                ☒ **Other:**   **Fugitive Operations Street Arrest**

**Deportation Case Officer:**   R.J. Abella     **Review Date:** January 18. 2007
      **Contact Phone #:**     (415) 844-5557

**ICE Location Detained and DCO:**  Sacramento County Jail

### Deportation/Exclusion/Removal Proceedings

**List all Charges:**   ☐   Section 237 (a) (2)(A)(iii)
                        ☐   Section 212 (a) (7)(A)(i)
                        ☒   Section 241 (a) (1) (b)

☒ Under <u>Final Order</u> dated: **08/15/1998** By ☐ IJ ☒ BIA ☐ Other: Ninth Circuit Court
☐ Appeal Waived/Appeal Time Elapsed

Habeas filed: ☐ Yes/ Date & Location filed       ☐ No

Stay Issued in Case: ☐ No ☒ Yes/**Temp stay with the Ninth Circuit Court of Appeals**

### Legal Representative / Attorney

**G-28 Filed:**   ☒ Yes    ☐ No

**Notification of Review Made:**  ☐ No   ☒ Yes  By:    R.J. Abella, DO/SFR

**Name of Representative / Attorney:** Bernal P. Ojeda

**Mailing Address:**    P.O. Box 3644     **Telephone Number:**(818) 994-4341
                        Thousand Oaks, CA 91359-0644
**Present during interview:**   ☐ Yes ☒ No

**Immigration History:** (ICE arrest[s]/parole/bond/custody information/adjustment/benefits granted (TPS, DED, withholding, etc.))

---

**06/01/1991** – Subject entered the United States without inspection at San Ysidro, CA
**09/03/1991** – Subject filed for asylum (I-589)
**12/21/1992** – Subject asylum claim denied.
**02/24/1994** – OSC issued in San Francisco, CA
**05/22/1997** – IJ denies Asylum & Withholding and grants subject VD until July 10, 1997.
**06/05/1997** – Subject filed an appeal of the IJ order with the Board of Immigration Appeals.
**07/16/1998** – BIA dismisses appeal & grants 30 days VD
**07/10/2001** – Subject Failed to Appear for surrender.
**10/18/2006** – Subject apprehended by Fugitive Operations.
**10/20/2006** – Subject filed a petition for review with the Ninth Circuit Court of Appeals (9cca) #06-75056 and stay request.
**01/22/2007** – 9cca Petition for Review still pending.

---

**NCIC Checks:**    ☐ Criminal History    ☒ No record Found
                      (State and Federal)

**Criminal History:** (list convictions, sentence, date, court, and include a summary of other NCIC arrests, failures to appear, etc.)

---

NON CRIMINAL ALIEN.

---

(DO NOT FORWARD A COPY OF THE NCIC PRINTOUT TO HQCDU)

## POST ORDER CUSTODY REVIEW WORKSHEET

**Detainee Name:**    **CRUZ-Celaya, Maria Zoila**

**AKA(s):**

**Date of Birth:**    **September 26, 1970**    **A Number:**    A71 951 172

**Place of Birth:**    El Salvador    **Nationality:**    El Salvador

**Date of Last Arrival:** June 01, 1991    **Place of Arrival:**    San Ysidro, CA

**Status at Last Entry:** W/Out Insp.    **Last Date into ICE Custody:**  October 18, 2006

**Entered ICE Custody from:**    ☐  **Local, State, or Federal Institution**
                                        **Institution Name/Location:**
                                        **BOP/ Institution Numbers:**

                                ☒  **Other:   Fugitive Operations Street Arrest**

**Deportation Case Officer:**   R.J. Abella    **Review Date:** January 18, 2007
        **Contact Phone #:**    (415) 844-5557

**ICE Location Detained and DCO:**  Sacramento County Jail

### Deportation/Exclusion/Removal Proceedings

**List all Charges:**    ☐    Section 237 (a) (2)(A)(iii)
                        ☐    Section 212 (a) (7)(A)(i)
                        ☒    Section 241 (a) (1) (b)

☒ Under <u>Final Order</u> dated: **08/15/1998** By ☐ IJ ☒ BIA ☐ Other: Ninth Circuit Court
☐ Appeal Waived/Appeal Time Elapsed

Habeas filed: ☐ Yes/ Date & Location filed    ☐ No

Stay Issued in Case: ☐ No ☒ Yes/**Temp stay with the Ninth Circuit Court of Appeals**

### Legal Representative / Attorney

**G-28 Filed:**    ☒ Yes    ☐ No

**Notification of Review Made:**    ☐ No    ☒ Yes  **By:**    R.J. Abella, DO/SFR

**Name of Representative / Attorney:** Bernal P. Ojeda

**Mailing Address:**    P.O. Box 3644    **Telephone Number:**(818) 994-4341
                        Thousand Oaks, CA 91359-0644
**Present during interview:**    ☐ Yes ☒ No

## Institutional / Disciplinary Record

**Did the detainee have prior Disciplinary Reports?**    ☐ Yes    ☒ No

    If Yes. List & Describe:

    Source:

**Disciplinary reports and incidents while in ICE Custody?**    ☐ Yes    ☒ No

    If Yes, List & Describe:

    Source:

## Specifics of Review

**Date of File Review**: January 24, 2007

**Date of Detainee Interview**: (optional) N/A

**Location of Interview**: N/A

**Reviewing/Interviewing Officer**: #1:

                  #2:

**Interpreter Used:** (If subject was interviewed)    ☐ Yes    ☒ No
**Name:**
**Language/Dialect:**

**Discussion at interview/review:**

<div style="border:1px solid black; text-align:center">

# File
# Review
# Only

</div>

**Travel Document Status/History:**

List aliens attempts to get travel documents and status (to include any actions alien has taken to *prevent* removal. and date of service of I-229(a) and Instruction Sheet to Detainee):

**12/15/2006** – Subject served with Notice to Alien for File Review.
**12/19/2006 - T**ravel document application mailed out to the Consulate of El Salvador.
**01/22/2007** – Additional Travel document forms & fingerprints mailed to Consulate of El Salvador.

List ICE's attempts to obtain a travel document and status:

**12/19/2006** – Travel Document application mailed out to the Consulate of El Salvador.
**01/22/2007** – Additional Travel document forms & fingerprints mailed to Consulate of El Salvador.
**01/24/2007**– Called El Salvador consulate and they stated they are ready to issued TD this week.

Other documentary evidence for consideration in this review (include any documentation submitted by detainee):

Letter of support & evidence of USC children birth certificates provided by attorney.

## Special Circumstances Concerns

Does the detainee appear to meet any of the criteria of 8 CFR 241.14 for continued detention?

☒ No          ☐ Yes (indicate below):

☐ Aliens with a Highly Contagious Disease that is a Threat to Public Safety [8 CFR § 241.14(b)].

☐ Aliens Detained on Account of Serious Adverse Foreign Policy Consequences of Release [8 CFR § 241.14(c)].

☐ Aliens Detained on Account of Security or Terrorism Concerns [8 CFR § 241.14(d)].

☐ Detention of Aliens Determined to be Specially Dangerous [8 CFR § 241.14(f)]. Aliens who pose a threat to the public because they have committed a crime of violence, have a mental disorder and behavior associated with the disorder, and are likely to be violent in the future.

All cases that may possibly meet any of these provisions must be coordinated with HQCDU per existing guidance.

**Does the detainee have a place to live in the United States?**                    ☒ Yes        ☐ No
    Describe:      320 Trinity Ave.
                     Bakersfield, CA 93307

**Is the detainee subject to any parole or probation requirements?**                ☐ Yes        ☒ No
    Describe:

**Does the detainee have close family ties within the United States?**              ☒ Yes        ☐ No
    Describe:     Two USC children & husband in Bakersfield.

**Does the detainee have community ties or non-governmental sponsors?**    ☐ Yes        ☒ No
    Describe     No evidence submitted

**Does the detainee have any employment prospects?**                                ☐ Yes        ☒ No
    Describe:     No evidence submitted

**What is the detainee's employment history?**
    Describe:     No evidence submitted

**What is the detainee's educational level?**
    Describe:     No evidence submitted

**Does the detainee have any vocational training?**                                ☐ Yes        ☒ No
    Describe:     No evidence submitted

**Has the detainee submitted any evidence of rehabilitation, courses while in prison, etc?**
    Describe:     .

## Medical/Psychological Concerns

**Does the detainee have any medical or psychological issues:**                    ☐ Yes        ☒ No

**Description (to include Date and Source):**

## Officer Comments/Analysis & Recommendation

**NOTE: Per file review only.**

The subject is a 36year old female, native and citizen of El Salvador, with a final order of removal dated August 15, 1998. The subject entered the United States without inspection on June 01, 1991 at San Ysidro, California. Subject is currently in Agency custody due to her arrest by the Fugitive Operations Unit at her residence. Subject has been a fugitive absconder since August 28, 2001. She is currently pending the decision of her petition for review before the Ninth Circuit Court of Appeals (9cca). The appeal is currently pending with an automatic stay of removal in place.

Positive factors: Subject is a non-criminal alien with strong family ties in the United States. The subject has completed all travel document applications. Her travel document application was forwarded to the Consulate of El Salvador on December 19, 2006. She was notified of the upcoming review by personal service on December 15, 2006. Subject IBIS checks resulted in a negative response on January 24, 2007.

After carefully reviewing the subject's file, the subject is a non-criminal alien who is pending a petition and stay request by the 9cca. The subject is to be considered a flight risk since she has been a fugitive absconder since August of 2001 and has failed to follow previous court orders.

Due to the fact that the Consulate of El Salvador has stated that they will issue the subject's travel document soon, her removal is imminent and could be effected as soon as the 9cca dismisses her Petition for Review. I recommend that the subject remain in ICE custody for another ninety days until the 9cca has made a decision in her case and we can facilitate her removal from the United States.

---

Reviewing Officer #1
Name/Title:    **R.J. Abella/Deportation Officer**

Date: 01/25/07
Signature:

---

Reviewing Officer #2
Name/Title:    **Craig S. Meyer, SDDO**

Date:
Signature:

---

Supervisory Reviewing Officer
Name/Title:    **Anthony Aiello, AFOD**

Date:
Signature:

## DECIDING OFFICIAL'S CUSTODY DETERMINATION

☐  RELEASE FROM CUSTODY / ORDER OF SUPERVISION

☒  CONTINUE IN CUSTODY - RETAIN CUSTODY JURISDICTION

☐  CONTINUE IN CUSTODY - REFER TO HQCDU

Comments:

ICE Field Office: San Francisco, CA

Signature of Field Office Director: _____    Date: 1/31/07

Deciding Official Name:        Nancy Alcantar

EXHIBIT I

Search for Case   View-Print Full Docket                                          Help

If you view the full docket online, you will be charged for 5 Pages    $ 0.40

## US Court of Appeals for the Ninth Circuit
## Case Summary

```
Court of Appeals Docket #: 07-71345                        Filed: 4/10/07
Nsuit:    0
Cruz-Celaya, et al v. Gonzales
Appeal from: Immigration and Naturalization Service

Lower court information:
     District: 0971-3 : A71-951-172
     Date Filed: 4/10/07
```

| | |
|---|---|
| 5/25/07 | Electronic Certified Administrative Record Filed.  CD-ROMS: 1  [07-71345] (kt) |
| 6/5/07 | Copy of letter received from Alberto R. Gonzales to Bernal P. Ojeda, Esq. dated 5/31/07 re: The EOIR will be filing a copy of this record on CD-Rom with the 9th Circuit. [07-71345] (gail) |
| 6/25/07 | Filed Petitioner Maria Zoila Cruz-Celaya's motion for ext of time the addendum to motion for stay of removal; served on 6/22/07. (MOATT) [07-71345] (ca) |
| 7/6/07 | Filed Respondent's emailed notice of non opp to pet's motion for stay of deportation; served on 7/6/07.(MOATT) [07-71345] (ca) |
| 7/26/07 | Filed order MOATT (NG) Respondent has filed a statement of non-opposition to the motion to stay removal pending review. Pursuant to Ninth Circuit General Order 6.4(c), the temporary stay of removal continues in effect until issuance of the mandate or further order of the court. If the Agency granted voluntary departure, and the stay motion was filed within the voluntary departure period, the voluntary departure period was stayed nunc pro tunc as of the filing date of the stay motion, and also continues in effect until issuance of the mandate, or further order of the court. See Desta v. Ashcroft, 365 F.3d 741 (9th Cir. 2004). The certified administrative record has been filed. The opening brief is due 10/29/07, the answering brief is due 12/28/07, reply brief is due 14 days after service.      [07-71345] (ca) |
| 8/20/07 | Filed notice of appearance of Karen Stewart for the resp. (Withdrew as counsel: attorney OIL for Alberto R. Gonzales [07-71345] (ca) |
| 8/20/07 | Filed Respondent's motion for summary disposition ; served on 8/17/07. (MOATT) [07-71345] (ca) |

| PACER Service Center |
|---|
| Transaction Receipt |

EXHIBIT J

U.S.C. § 1252.  Reviewing for abuse of discretion, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003), we dismiss in part and deny in part the petition for review.

In her opening brief, Lara fails to address, and thereby has waived any challenge to, the BIA's determination that her failure to depart within the voluntary departure period rendered her ineligible for the relief she sought.  *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (holding that issues not specifically raised and argued in a party's opening brief are waived).

The BIA did not abuse its discretion in denying Lara's motion to reopen as untimely because it was filed more than three years after the BIA's final order of deportation and did not demonstrate that she qualified for any exceptions to the 90 day time limit.  *See* 8 U.S.C. § 1229a(c)(7)(C)(i) (motion to reopen must be filed within 90 days of final administrative order).  Moreover, Lara did not show she was entitled to equitable tolling.  *See Iturribarria*, 321 F.3d at 897 (filing deadline  can be equitably tolled "when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence").

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

2

EXHIBIT K

**FILED**

**NOT FOR PUBLICATION**

**SEP 06 2007**

UNITED STATES COURT OF APPEALS

**CATHY A. CATTERSON, CLERK**
**U.S. COURT OF APPEALS**

FOR THE NINTH CIRCUIT

---

JOSE ORUDIO MARTINEZ-CORNEJO,

      Petitioner,

  v.

ALBERTO R. GONZALES, Attorney
General,

      Respondent.

No. 06-71778

Agency No. A29-290-982

MEMORANDUM[*]

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 27, 2007[**]

Before:    WALLACE, LEAVY and THOMAS, Circuit Judges.

    Jose Orudio Martinez-Cornejo, a native and citizen of El Salvador, petitions

for review of the Board of Immigration Appeals' order dismissing his appeal from

an immigration judge's  decision denying his motion to reopen deportation

---

      [*]    This disposition is not appropriate for publication and is not
precedent except as provided by 9th Cir. R. 36-3.

      [**]    The panel unanimously finds this case suitable for decision without
oral argument.  *See* Fed. R. App. P. 34(a)(2).

proceedings to seek relief under the Nicaraguan Adjustment and Central American Relief Act of 1997 ("NACARA"). To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying as untimely Martinez-Cornejo's motion to reopen because it was filed nearly seven years after the deadline. *See Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003) (denial of motion to reopen reviewd for abuse of discretion); 8 C.F.R. § 1003.43(e)(1) (providing that motions to reopen to apply for NACARA relief must be filed by September 11, 1998).

We lack jurisdiction to review the agency's decision not to invoke its sua sponte authority to reopen proceedings under 8 C.F.R. § 1003.2(a). *See Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir. 2002).

We also lack jurisdiction to review Martinez-Cornejo's contention that the deadline for filing his motion to reopen should have been equitably tolled because he failed to raise that issue before the agency and thereby failed to exhaust his administrative remedies. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (holding that exhaustion is mandatory and jurisdictional under 8 U.S.C. § 1252(d)(1)).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

EXHIBIT L

The Law Office of
RHODA WILKINSON DOMINGO, ESQ.
633 Battery Street Suite 653
San Francisco, CA 94111
415/986-1121

Attorney for Respondent


OFFICE OF THE IMMIGRATION JUDGE

550 KEARNY STREET, ROOM 800

SAN FRANCISCO, CA 94108


IN THE MATTER OF              )
                             )
Maria Soila CRUZ-CELAYA       )      No. A 71 951 172
                             )
                             )      MOTION TO WITHDRAW AS COUNSEL
          Respondent,         )
                             )      MERITS HEARING: 09/25/96 2:30 PM
                             )
_____)


                          FACTS

   1.  Respondent  retained  Attorney  to  represent  her  in  her
Political Asylum case.

   2. Respondent appeared for a Master Hearing on October 10,
1995 at 1:00 PM.  Respondent was asked by the Immigration Judge to
submit an updated I-589 application by December 10, 1995.

   3.   We  requested  the  Respondent  on  several  occasions  to
furnish  our  office  with  information  regarding  her  persecution,
political  opinion,  religion,  and  documentation  to  prepare  the
application.  Ms. Cruz-Celaya, finally sent the documentation and
incomplete information on January 3, 1996, well past the deadline
given  by  the  court.    Our  office  submitted  an  incomplete
application on December 11, 1995, and requested an extension to
submit a complete updated application.

DAB
7/29/96

4.  To this date, we have not heard from client.  We have called her to schedule an appointment and left messages for her to call our office.  We have sent statements to cover our fees as contracted, she is in arrears as of this date.

5   According to records maintained by counsel, the respondent's last known address is:

> 300 Trinity Avenue #C
> Bakersfield, CA  93307

6. On June 28, 1996, we wrote to the client and told her this office would withdraw from the case if we did not hear from her within two weeks.  No response was forthcoming. On July 23, 1996, a list of free Attorneys was sent with a letter explaining intention of withdrawal.

7.  We respectfully request permission to withdraw as the attorney of record from the above named case due to un-cooperation and non-payment according to as contracted.  This should give the client ample time to retain another attorney as she has more then two months before the hearing.

July 24, 1996                    Respectfully submitted,

                                 *RW Domingo*

                                 Rhoda Wilkinson Domingo

EXHIBIT M

# UNIT   STATES DEPARTMENT OF JUS    E
## Immigration and Naturalization Service
### 800 Truxtun Ave.
### Bakersfield, California

File No.:    **A 71 951 172**

Date:    **July 10, 2001**

CRUZ-CELAYA, MARIA ZOILA

629 CANTLEBERRY LANE

BAKERSFIELD, CA 93301

**FAILURE TO SURRENDER**

**DATE**  AUG 2 8 2001  *M/BK5*

As you know, following a hearing in your case you were found deportable and the hearing officer has entered an order of deportation.  A review of your file indicates there is no administrative relief which may be extended to you, and it is now incumbent upon this Service to enforce your departure from the United States.

Arrangements have been made for your departure to    EL SALVADOR    on

August 22, 2001    from    Bakersfield    on the

Transportation to be provided by the Government

You should report to a United States Immigration Officer at Room    310

800 Truxtun Avenue, Bakersfield, CA 93301    at    August 22, 2001    10:00 AM

At the time of your departure from

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

Postage    $

Certified Fee

Return Receipt Fee
(Endorsement Required)

Restricted Delivery Fee
(Endorsement Required)

Total Postage & Fees    $

Recipient's Name (Please Print Clearly) (to be com)

Street, Apt. No. or PO Box No.

City, State, ZIP+4    ALIEN

PS Form 3800, February 2000

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Maria Zoila CRUZ-Celaya
629 Cantleberry Lane
Bakersfield, CA 93301

A 71951172    I-166/294 FOR SURR
8-22-01    10:00 AM    BK5

**RETURN RECEIPT REQUESTED**

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)    B. Date of Delivery  8-15-a

C. Signature
X Maria Zoila CRUZ    ☐ Agent  ☐ Addressee

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:    ☐ No

**RESTRICTED DELIVERY**

3. Service Type
☑ Certified Mail    ☐ Express Mail
☐ Registered    ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number (Copy from service label)
7000 0600 0002 4061 9296 2

Domestic Return Receipt

PS Form 3811, July 1999

Form I-166
(Rev. 4-1-69)

102595-99-M-1789

Warrant of Removal / Deportation

File No.: __A 71 951 172__

Date: __June 21, 2001__

**To any officer of the Immigration and Naturalization Service:**

**Maria Zoila CRUZ-Celaya**

<div align="center">(Full name of alien)</div>

who entered the United States at ___or near San Ysidro, CA___ on ___or about June 1, 1991___

<div align="center">(Place of entry)                    (Date)</div>

is subject to removal / deportation from the United States, based upon a final order by:

☐ an immigration judge in exclusion, deportation, or removal proceedings

☐ a district director or a district director's designated official

☑ the Board of Immigration Appeals

☐ a United States District or Magistrate Court Judge

and pursuant to the following provisions of the Immigration and Nationality Act:

## Section 241(a)(1)(B)

I, the undersigned officer of the United States, by virtue of the power and authority vested in the Attorney General under the laws of the United States and by his or her direction, command you to take into custody and remove from the United States the above-named alien, pursuant to law, at the expense of the Appropriation, "Salaries and Expenses" Immigration and Naturalization Service, including the expense of an attendant, if necessary.

<div align="center">(Signature of authorized INS official)</div>

<div align="center">**District Director**</div>

<div align="center">(Title of INS official)</div>

August 16, 1998          **San Francisco, California**

<div align="center">(Date and office location)</div>

Please Return Executed I-205/94 to
U.S.I.N.S.
800 Truxtun Ave.
Room 109
Bakersfield, CA 93301
Account #
**8 5 0 8 2 8 7 2 4**

Form I-205 (Rev. 4-1-97)N

**Warning to Alien Ordered Removed or Deported**

File No.: **A 71 951 172**

Date: **June 21, 2001**

Alien's full name: **Maria Zoila CRUZ-Celaya**

In accordance with the provisions of section 212(a)(9) of the Immigration and Nationality Act (Act), you are prohibited from entering, attempting to enter, or being in the United States:

☐ For a period of 5 years from the date of your departure from the United States because you have been found deportable under section 237 of the Act and ordered removed from the United States by an immigration judge in proceedings under section 240 of the Act initiated upon your arrival in the United States as a returning lawful permanent resident.

☑ For a period of 10 years from the date of your departure from the United States because you have been found:

    ☐ deportable under section 237 of the Act and ordered removed from the United States by an immigration judge in proceedings under section 240 of the Act.

    ☐ inadmissible under section 212 of the Act and ordered removed from the United States by an immigration judge in proceedings under section 240 of the Act initiated as a result of your having been present in the United States without admission or parole.

    ☑ deportable under section 241 of the Act and ordered deported from the United States by an immigration judge in proceedings commenced before April 1, 1997 under section 242 of the Act.

    ☐ deportable under section 237 of the Act and ordered removed from the United States in accordance with section 238 of the Act by a judge of a United States District court, or magistrate of a United States magistrate court.

☐ For a period of 20 years from the date of your departure from the United States because, after having been previously excluded, deported, or removed from the United States, you have been found:

    ☐ inadmissible under section 212 of the Act and ordered removed from the United States by an immigration judge in proceedings under section 240 of the Act.

    ☐ deportable under section 237 of the Act and ordered removed from the United States by an immigration judge in proceedings under section 240 of the Act.

    ☐ deportable under section 237 of the Act and ordered removed from the United States in proceedings under section 238 of the Act.

    ☐ deportable under section 241 of the Act and ordered deported from the United States by an immigration judge in proceedings commenced before April 1, 1997 under section 242 of the Act.

    ☐ to have reentered the United States illegally and have had the prior order reinstated under section 241(a)(5) of the Act.

☐ At any time because you have been found inadmissible or excludable under section 212 of the Act, or deportable under section 241 or 237 of the Act, and ordered deported or removed from the United States, and you have been convicted of a crime designated as an aggravated felony.

After your removal has been effected you must request and obtain permission from the Attorney General to reapply for admission to the United States during the period indicated. You must obtain such permission before commencing your travel to the United States. Application forms for requesting permission to reapply for admission may be obtained by contacting any United States Consulate or office of the United States Immigration and Naturalization Service. Refer to the above file number when requesting forms or information.

**WARNING:** Title 8 United States Code, Section 1326 provides that it is a crime for an alien who has been removed from the United States to enter, attempt to enter, or be found in the United States without the Attorney General's express consent. Any alien who violates this section of law is subject to prosecution for a felony. Depending on the circumstances of the removal, conviction could result in a sentence of imprisonment for a period of from 2 to 20 years and/or a fine of up to $250,000.

(Signature of officer serving warning)    IEA (Title of officer)    Bakersfield, CA (Location of INS Office)

Right index print of alien provided a copy of this form

Form I-294 (Rev. 6-1-97)N