Philippe DWELSHAUVERS (Bar No 192188)
452 N. Blackstone Avenue
Fresno, California 93701
Telephone: (559) 264-6363
Fax:           (559) 497-6163
Attorney for Petitioner, MARIA ZOILA CRUZ-CELAYA

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

In the Matter of

MARIA ZOILA CRUZ-CELAYA

    Petitioner

vs.

ALBERTO GONZALES,
Attorney General of the United States
et al; MICHAEL CHERTOFF,
Secretary Department of Homeland
and Security; NANCY ALCANTAR,
FIELD OFFICE IMMIGRATION
CUSTOMS ENFORCEMENT

    Respondents.

No   C 07-3470 MJJ

Agency Number: 71-951-172

AMENDED TRAVERSE

## I. **THIS WRIT WAS FILED IN THE RIGHT VENUE**

Petitioner received a letter regarding the review of her detention status, This letter originated in SAN FRANCISCO, California. See Exhibit G filed by Respondents. The decision to deny a bond and to extend the detention was signed by Nancy Alcantar, director of the field Office, located in San Francisco, California. Exhibit H filed by Respondents. Therefore the proper venue to hear this writ is SAN FRANCISCO, CALIFORNIA.

./..

## II. THE DECISION TO DENY FREEDOM WAS IN VIOLATION OF DUE PROCESS

In immigration proceedings, an Immigration judge MUST make a complete review of the favorable factors in a case. See *Georgiu v. INS*, 90 F. 3d 374 (9th Cir. 1996), *Matter of Edwards*, 20 I and N Dec. 191 (BIA 1990), *Yepes-Prado v.INS*, 10 F. 3d 1363 (9th Cir. 1993). Here we are in a situation where the person is being detained and where the adjudicator, who decides whether the person should be free or not, is the same one who arrested/detained the person. Therefore there is a higher exigency that the review should be subject to the *Georgiu, supra* standards. The decision [see Exhibit H ], after review, to deny freedom does not reflect at all that FAVORABLE FACTORS have ever been analyzed at all. The rationale, with no further analysis, for the decision to maintain the detention of Petitioner is that the U.S Government is working on getting travel documents and that she can not be removed because there is a 9th circuit petition for review pending.  See exhibit H. There is no balancing test at all. There is no analysis of the family ties that Petitioner has, the impact of the absence of criminal records. The Due Process Clause of the Fifth Amendment provides that "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law." U.S. CONST. amend. V. "Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action." Foucha v. Louisiana, 504 U.S. 71, 80 (1992). This vital liberty interest is at stake when an individual is subject to detention by the former INS, now BICE. See Zadvydas, 121 S. Ct. at 2498 ("A statute permitting indefinite detention of an alien would raise a serious constitutional problem"); Kiareldeen v. Reno, 71 F. Supp. 2d 402, 409–10 (D.N.J. 1999) (in analyzing due process in the immigration context, that the first factor in the procedural due process analysis, "the petitioner's private interest in his physical liberty, must be accorded the utmost weight").

## III. CONCLUSION

Therefore Petitioner respectfully requests a hearing to be held either in U.S. District Court or in Immigration court in San Francisco, California regarding the issue of granting or not a bond.

Respectfully submitted this 12th day of November 2007

s/P. DWELSHAUVERS
-----------------------------------------

PHILIPPE DWELSHAUVERS
452 N. Blackstone Avenue
Fresno, California 93701