JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
MELANIE L. PROCTOR (CSBN 228971)
Melanie.Proctor@usdoj.gov
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6730
    FAX: (415) 436-6927

Attorneys for Respondents

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARIA ZOILA CRUZ-CELAYA, ) | No. C 07-3470 MJJ |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | OPPOSITION TO PETITIONER'S |
| ) | REQUEST FOR AN ORDER TO SHOW |
| MICHAEL B. MUKASEY,* Attorney ) | CAUSE AND STAY OF REMOVAL |
| General of the United States; and ) | |
| MICHAEL CHERTOFF, Secretary of the ) | |
| Department of Homeland Security, ) | |
| ) | |
| Respondents. ) | |
| ) | |

On January 9, 2008, Petitioner filed a request for an order to show cause and a stay of removal until she has had the opportunity to marry. See Docket No. 10. Petitioner's request was apparently prompted by the fact the Department of Homeland Security ("DHS") transferred her from Bakersfield, California, to San Francisco, California. As explained in the attached Declaration of Emmanuel V. Acala ("Acala Decl."), Petitioner was transferred to San Francisco so that the El Salvadoran Consulate may interview her in conjunction with the application for travel documents. See Acala Decl., p. 2, ¶ 4. DHS will not remove Petitioner until the Ninth Circuit Court of Appeals issues a mandate. Id. Once the interview is complete, Petitioner may be returned to Bakersfield.

---

*Pursuant to Fed. R. Civ. P. 25(d)(1), Michael B. Mukasey is substituted for his predecessor, Alberto Gonzales, as the United States Attorney General.

OPPOSITION TO PETITIONER'S REQUEST
C 07-3470 MJJ

<u>Id.</u>

Both before and after the alien is under a final order of removal, the District Director must endeavor to secure travel documents for the alien. 8 C.F.R. § 241.4(g)(2). An alien's release may be denied if it is determined that she failed or refused to make a timely application in good faith for travel documents. 8 C.F.R. § 241.4(g)(5). Here, DHS's actions are consistent with the governing regulations because travel documents will not be issued unless the El Salvadoran Consulate has the opportunity to interview Petitioner. Acala Decl., pp. 1-2 ¶¶ 3-4. Moreover, any refusal by Petitioner to cooperate in the efforts to obtain travel documents will justify her continued detention. <u>Pelich v. INS</u>, 329 F.3d 1057 (9th Cir. 2003); <u>see also</u> <u>Ali v. Ashcroft</u>, 346 F.3d 873, 892 (9th Cir. 2003) (noting that <u>Zadvydas</u> would be inapplicable when aliens "simply refused to cooperate with the INS's attempts to remove them."); <u>Lema v. INS</u>, 341 F.3d 853, 856 (9th Cir. 2003) ("[W]hen an alien refuses to cooperate fully and honestly with officials to secure travel documents from a foreign government, the alien cannot meet his or her burden to show that there is no significant likelihood of removal in the reasonably foreseeable future.").

Petitioner contends that the transfer has violated her right to marry. <u>See</u> Petitioner's Request. However, she admits that her request has been granted. <u>Id.</u> Thus, although her marriage may have been delayed by her temporary transfer to San Francisco, it has not been denied. Moreover, Petitioner does not offer any explanation as to why Mauricio Hernandez, her intended spouse, cannot travel to San Francisco to participate in the marriage ceremony.

Nothing in immigration law gives Petitioner the right to select the place of her detention. Rather, the statute is clear that no such right exists. 8 U.S.C. § 1231(g)(1) (stating that the Secretary "shall arrange for appropriate places of detention for aliens detained pending removal or a decision on removal."); <u>see also</u> <u>Ballesteros v. Ashcroft</u>, 452 F.3d 1153, 1159 (10th Cir. 2006). It well-settled that the location of an alien's detention is within the discretion of the Secretary. <u>Rios-Berrios v. INS</u>, 776 F.2d 859, 863 (9th Cir. 1985). Here, DHS has determined that the appropriate detention center for the moment is in San Francisco, to assist with the processing of Petitioner's travel documents.

///

1      This temporary transfer does not violate any alleged rights of Petitioner, nor does it justify the issuance of a stay of removal by this Court where a stay remains in place at the Ninth Circuit. Respondents respectfully ask the Court to deny Petitioner's request.

Dated: January 15, 2008

                                              Respectfully submitted,

                                              JOSEPH P. RUSSONIELLO
                                              United States Attorney

                                              _____/S/_____
                                              MELANIE L. PROCTOR
                                              Assistant United States Attorney
                                              Attorneys for Respondents

NOTICE OF RECENT DECISION
07-3470 MJJ